**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZEIAD SALMAN, a.k.a. Zeian Issa Salmam, a.k.a. Zeiad Issa Salman, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72120 <br><br> Agency No. A077-184-097 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Zeiad Salman, a native and citizen of Jordan, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for protection under the

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review factual findings for substantial evidence, *see Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of CAT relief because Salman did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Jordanian government. *See id*. at 1194 (acquiescence includes "both actual knowledge and willful blindness").

Salman's contention that the agency did not consider all of the evidence fails, because he has not overcome the presumption the agency reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

To the extent Salman contends ineffective assistance of counsel, this court lacks jurisdiction to review the claim because it was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Finally, to the extent Salman relies on letters from his family in his opening brief, we decline to consider the evidence because our review of the BIA's order is limited to the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**